IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MEMORIAL HERMANN HOSPITAL SYSTEM, } <br> } <br> *Plaintiff*, } <br> v. } <br> } <br> AETNA LIFE INSURANCE COMPANY and } <br> AETNA HEALTH, INC., } <br> } <br> *Defendants*. } | Civil Action No. H-08-2812 |

## OPINION AND ORDER

Presently before the Court is Plaintiff Memorial Hermann Hospital System's (MHHS) motion to remand (Doc. 4). Upon review and consideration of this document, the response, reply, and surreply thereto, and the relevant legal authority, the Court finds that this motion should be denied.

I.      Background and Relevant Facts

On June 26, 2008, MHHS filed suit against Defendants Aetna Life Insurance Company (ALIC) and Aetna Health, Inc. (AHI) (collectively, Defendants) in the 215th Judicial District Court of Harris County, Texas for medical expenses incurred in connection with patient B.T.'s admission and treatment. Specifically, MHHS alleges violations of the Texas Insurance Code, Texas Business & Commerce Code, and Texas Administrative Code in the first count of its complaint, and negligence and negligent misrepresentation in the second count. Shortly thereafter, the case was transferred to the 334th Judicial District Court of Harris County, Texas. Defendants then filed a notice of removal on September 22, 2008, asserting that MHHS improperly joined AHI. Defendants contend that there is no possibility under Texas law that MHHS will recover against AHI and that, without AHI, there would be complete diversity of

citizenship because AHI is a Texas insurance company, ALIC is a Connecticut corporation, and MHHS is a Texas corporation.

On October 14, 2008, Plaintiff filed the instant motion to remand (Doc. 4) arguing that AHI's contention that it is not liable is unsubstantiated, conclusory, and unsupported by any evidence. In response, ALIC insists that AHI was improperly joined because it did not take part in the actions giving rise to MHHS's two causes of action. (Doc. 7). The Court will address each of these arguments, in turn.

II.     Discussion

The Court is mindful of the fact that removal involves serious federalism concerns, with some viewing the federal judiciary "as an ever growing monolith." *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 554 (5th Cir. 1981). However, "[i]t is no accident that the first Congress conferred removal jurisdiction, accommodating competing political interests. Removal remains a centerpiece of our federalism. The cry of out-of-state interests seeking to escape local courts and local plaintiffs seeking to avoid more distant justice is in fact an old and recurring song." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 576 (5th Cir. 2004).

To ascertain whether a case has been properly removed to federal district court, the court must determine whether diversity jurisdiction exists. The requirements for diversity jurisdiction are set forth in section 1332(a), which states, in pertinent part, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states." 28 U.S.C. § 1332(a). Moreover, "a corporation shall be deemed to be a citizen of any state by which it has been incorporated and of the state where it has its principal place of business." 28 U.S.C. § 1332(c).

Neither the amount in controversy nor the citizenship of the parties is in dispute. Rather, the issue in this case is whether MHHS improperly joined AHI in order to defeat federal diversity jurisdiction. Accordingly, the Court must conduct an improper or fraudulent joinder analysis.

The removing party "bears a heavy burden" in establishing that a non-diverse party has been improperly joined. *Sid Richardson Carbon & Gasoline Co. v. Interenergy Resources, Ltd.*, 99 F.3d 746, 751 (5th Cir. 1996). Any ambiguities are construed against removal. *Butler v. Polk*, 592 F.2d 1293, 1296 (5th Cir. 1979). Furthermore, as the Supreme Court has cautioned, the removal statute should be interpreted strictly in favor of remand. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941).

Courts recognize two avenues to establish that a party has been improperly joined: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood*, 385 F.3d at 573 (quoting *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003)). It is undisputed that AHI is a Texas corporation, and, as such, fraud in the pleading of jurisdictional facts is not at issue in this case. Accordingly, the Court need only determine whether Plaintiff can establish a cause of action against AHI in Texas state court.

As the Fifth Circuit stated in *Smallwood*, the test is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant,…[meaning] that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 573. In deciding whether there is a possibility of recovery, the district court may conduct a Rule 12(b)(6)-type analysis to determine whether the plaintiff states a claim under state law against

the non-diverse party. *Id*. (citing *McKee v. Kansas City S. Ry. Co.*, 358 F.3d 329, 334 (5th Cir. 2004)). The district court "must evaluate all factual allegations and ambiguities in the controlling state law in favor of the plaintiff." *Sid Richardson*, 99 F.3d at 751 (citing *Burden v. Gen. Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995)). After the district court does so, it then "determines whether that party has any possibility of recovery against the party whose joinder is questioned." *Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98, 100 (5th Cir. 1990) (citing *B., Inc. v. Miller Brewing Co.*, 663 F.2d at 551)). If the court finds any possibility that the plaintiff has a cause of action against any non-diverse defendant, the district court must remand the case. *See Sid Richardson*, 99 F.3d at 751-752. In *Smallwood*, the Fifth Circuit recognized that there may be cases in which the plaintiff has stated a claim but has misstated or omitted discrete facts that would determine the propriety of joinder. *Smallwood*, 385 F.3d at 573. In those cases, the Fifth Circuit said that the district court may, in its discretion, "pierce the pleadings and conduct a summary inquiry." *Id.* A summary inquiry is only appropriate to discover facts that can be easily disproved if untrue, *e.g.* the in-state doctor defendant did not treat the plaintiff patient or the in-state pharmacist defendant did not fill a prescription for the plaintiff patient. *Id*. at 574 (citing *Travis*, 326 F.3d at 648-49).

In the instant case, Plaintiff's original petition includes two counts. One is a statutory cause of action for violations of the Texas Insurance Code, Texas Business & Commerce Code, and Texas Administrative Code. The second is a common law cause of action for negligence and negligent misrepresentation. Confusingly, the complaint confounds the actions of AHI with those of ALIC by continually referring to the separate companies collectively as either "Aetna" or "defendants." Thus, the Court must pierce the pleadings to determine whether AHI, the non-diverse party, is, in fact, a proper party.

Upon piercing the pleadings and conducting a summary inquiry, the Court finds that Plaintiff MHHS cannot recover from Defendant AHI on either of these claims. At one time, B.T. was allegedly a member of the Alief Independent School District's (Alief ISD) employee welfare benefit plan (the Plan), a self-funded HMO for the purpose of providing medical benefits to eligible employees. According to Mina Askari (Askari), Benefit Consultant for ALIC, ALIC provided third-party claims administrative services for the Plan. (Askari Aff., Doc. 7 Ex. A at 3; Ex. A-1 at 2). This included processing and adjudicating claims. (*Id.*). Benefits received under the Plan were self-funded by Alief ISD, not by a policy of insurance issued by ALIC or AHI. (*Id.*). AHI is in no way involved in the factual allegations that underpin this lawsuit. Although MHHS contends that it is inappropriate to "pierce the pleadings" in this case, the Court disagrees and finds that AHI was improperly joined as a defendant.[1]  Accordingly, the Court shall disregard AHI's citizenship allowing for complete diversity between the parties.

III.     Conclusion

Therefore, the Court finds that this case was properly removed to federal court. Accordingly, it is hereby

ORDERED that Plaintiff's Motion for Remand (Doc. 4) is DENIED. It is further

ORDERED that Defendant Aetna Health, Inc. is hereby DISMISSED as a party in the instant case.

---

[1] MHHS cites United States District Judge David Hittner's (Judge Hittner) January 14, 2009, Remand Order in *Mem'l Hermann Hosp. Sys. v. Aetna Life Ins. Co.* (Civil Action No. H-08-3246). In that case, which involved the same parties and similar facts, Judge Hittner conducted a 12(b)(6)-type analysis and found no evidence of misstated or omitted discrete facts and, thus, no reason to "pierce the pleadings." In the instant case, given the confusing nature of Plaintiff's original petition, this Court believes it is appropriate to "pierce the pleadings."

- 6 -

SIGNED at Houston, Texas, this 10th day of July, 2009.

                                            MELINDA HARMON
                               UNITED STATES DISTRICT JUDGE